UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DR. RICHARD SUNDAY IFILL,

                    Plaintiff,

v.

WEINSTOCK, Medical Director, Five Points,
J.P. GREGOIRE, Medical Doctor, Five Points,

                    Defendants.

**ORDER**

06-CV-312S(F)

In this prisoner civil rights case, Plaintiff alleges, in the Third Amended Complaint, as limited by the Order of Hon. Michael A. Telesca, filed March 18, 2009 (Doc. No. 25) at 27-29, to Plaintiff's claims against Defendants Weinstock and Gregoire, the Medical Director and Plaintiff's physician, while housed at the Five Points Correctional Facility, respectively, ("Defendants"), that these Defendants violated Plaintiff's rights under the Americans with Disabilities Act ("ADA") in that Defendants deprived Plaintiff of in-cell assistance for retaliatory reasons based on Plaintiff's prior lawsuit, *Ifill v. Coughlin*, 03-CV-355S, and failed to provide adequate medical care to Plaintiff amounting to deliberate indifference in violation of Plaintiff's Eighth Amendment rights. Before the court is Plaintiff's request for assignment of counsel, filed September 10, 2010 (Doc. No. 46).

To warrant assignment of counsel the court must determine the "likelihood of merit" in a *pro se* indigent plaintiff's claim, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). In exercising its discretion, *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (assignment of attorney to indigent party discretionary with court), the court should consider, in addition to the merits of an indigent plaintiff's claims, the plaintiff's

ability to investigate the relevant facts, the need for cross-examination of important conflicting evidence, the complexity of the legal issues, and other special reasons dictating the need for appointed counsel to achieve a just outcome. *Hendricks*, 114 F.2d at 390. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

Here, in the course of Judge Telesca's review of the Third Amended Complaint and dismissal of numerous defendants originally sued by Plaintiff in this action except as to claims against Drs. Weinstock and Gregoire, Judge Telesca expressed "grave doubts" regarding Plaintiff's instant claims against Drs. Weinstock and Gregoire based on the court's dismissal of Plaintiff's claims against the defendants in a prior action by Plaintiff. While this court is, at present, unfamiliar with the details of any fact discovery conducted to date, Plaintiff's allegations as to inadequate medical treatment against Defendants are generalized and unspecific. Moreover, the relevant facts supporting Plaintiff's retaliation claim under the ADA based on the deprivation of an in-cell assistant are presumably matters within Plaintiff's own knowledge, and not heavily dependent upon an independent medical review to provide a basis to resist Defendants' probable summary judgment request. Accordingly, it is not readily apparent to the court that Plaintiff's claims are likely to be viable or cannot be prosecuted without the assistance of counsel at this time. Thus, Plaintiff's motion should be DENIED.

## CONCLUSION

Plaintiff's motion (Doc. No. 46) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 13, 2010
       Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(A).